IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANELL MOORE, on behalf of herself and all others similarly situated | : | CIVIL ACTION |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| ANGIE'S LIST, INC. | : | NO. 15-1243 |

<u>ORDER</u>

AND NOW, this 12th day of July, 2016, upon consideration of plaintiff Janell Moore's unopposed motion for preliminary approval of the proposed class action settlement (docket entry #39) on behalf of herself and all others similarly situated, and the Court finding that:

(a)     After review of the Settlement Agreement and the record in this matter, we find that the settlement proposed by the parties is sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the Settlement Class;

(b)     We further provisionally find, for settlement purposes only, that the proposed settlement satisfies the requirements for a class action under Fed. R. Civ. P. 23;

(c)     Specifically, the number of class members is so numerous that joinder of all members thereof is impracticable, there are questions of law and fact common to the Settlement Class Members, the plaintiff's claims are typical of the claims of the class members it seeks to represent for settlement purposes, plaintiff has and will continue to fairly and adequately represent the interests of the settlement class, the common questions of law and fact predominate any unique questions affecting individual class members, and a class action provides a fair and efficient method for settling the controversy;

(d)    We also find that we need not consider manageability issues, as the case is being settled rather than litigated; and

(e)    Finally, we find that the proposed Class Notice Plan and accompanying Class Notice is reasonable and that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, that it meets the requirements of due process and Fed. R. Civ. P. 23, and that it is the best notice practicable under the circumstances since it provides individuals notice to all Settlement Class Members who can be identified through reasonable efforts and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class;

It is hereby ORDERED that:

It is hereby ORDERED that:

1.    Plaintiff's unopposed motion for preliminary approval of the proposed class action settlement (docket entry #39) is GRANTED;

2.    The Preliminary Settlement Agreement (docket entry #39 at Ex. A) is APPROVED;

3.    We CERTIFY, for purposes of settlement only, the Settlement Class consisting of all persons in the United States who were paying members of Angie's List at any time between March 11, 2009, and July 12, 2016.

4.    The officers, directors, and employees of any entity which is or has been a defendant, members of the immediate families of the foregoing, and their legal representatives, heirs, successors, and assigns, as well as the officers, directors, and employees of any parent, subsidiary, or affiliate of a defendant or any business entity which a defendant owns a controlling

2

interest, together with those individuals' immediate family members, and judges, justices, magistrates, or judicial officers presiding over this and related actions, are EXCLUDED from the Settlement Class;

       5.      We APPOINT Richard M. Golomb, Ruben Honik, Kenneth Grunfeld, and David J. Stanoch of Golomb & Honik, Kirk J. Wolden of Carter Wolden Curtis, and W. Daniel Miles, III of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. as counsel to represent the Settlement Class, and for purposes of these settlement proceedings find that these attorneys are competent and capable of exercising their responsibilities as plaintiffs' class counsel and have fairly and adequately represented the interests of the Settlement Class for settlement purposes;

       6.      We DESIGNATE Janelle Moore, Gary Glick, and Michelle Zygelman as the representatives of the Settlement Class;

       7.      We APPROVE the Class Notice, including the Notice attached to the Settlement Agreement, and the defendant or its designee, at its own expense, shall SEND notice by electronic mail, or, if said correspondence is unsuccessful, via U.S. First Class Mail, proper postage prepaid, to the last known address of those persons and entities who they believe may be members of the Settlement Class for whom they have such information in their records, no later than **August 19, 2016**;[1]

       8.      Each Settlement Class Member who wishes to be excluded from settlement must NOTIFY plaintiffs' class counsel and defense counsel via letter by **October 3, 2016**, and must include their name, address, telephone number, and a statement that the Settlement Class Member wants to be excluded from the settlement in Moore v. Angie's List,

---

[1] Defendants shall also operate a Settlement Website and toll-free telephone line in accordance with the proposed plan for Class Notice.

No. 15-CV-1243, and all Settlement Class Members who follow these procedures and wish to be excluded from the Settlement Agreement shall be DEEMED an Opt-Out;

9.      All Opt-Outs SHALL NOT be Settlement Class Members, SHALL NOT be bound by the Settlement Agreement or the Final Order and Final Judgment, and RELINQUISH their rights to benefits with respect to the Settlement Agreement, should it be approved, and MAY NOT file an objection to the Settlement Agreement or to any applications for Attorney's Fees and Expense Award and Plaintiff's Service Payments (the "Fee and Expense Request");

10.      Any Settlement Class Member who does not opt out shall be BOUND by all terms and provisions of the Settlement Agreement, including any release set forth therein, and the Final Order and Final Judgment, whether or not such Settlement Class Member objected to the settlement or submitted a Claim Form;

11.      Any Settlement Class Member who does not become an Opt-Out and who wishes to object to the proposed settlement contained in the Settlement Agreement, the certification of the Settlement Class, the entry of the Final Order and Final Judgment, the amount of fees and/or the amount of any service payment for plaintiffs requested in the Fee and Expense Request, must NOTIFY  plaintiffs' class counsel and defense counsel via U.S. Mail by sending a written statement setting forth the Member's objection and any supporting brief the Member wishes to file no later than **October 3, 2016**;[2]

12.      Settlement Class Members wishing to be heard at the Fairness Hearing or to object to the settlement shall FILE a "Notice of Intent to Appear" with the Court, and deliver the same to plaintiffs' class counsel and defense counsel, no later than **October 3, 2016**;

---

[2] Objectors may prepare, file, and serve their written objection and any supporting brief on their own or through an attorney retained at their own expense.

13.     Settlement Class Members who wish to send requests for exclusions, objections, and the filing of any "Notice of Intent to Appear," shall DELIVER those requests to the following addresses in the manner specified in paragraphs 8, 11, and 12:

DEFENSE COUNSEL:                          PLAINTIFFS' CLASS COUNSEL:

FRANCO CORRADO                            KENNETH J. GRUNFELD
MORGAN LEWIS & BOCKIUS                    GOLOMB & HONIK
1701 Market Street                        1515 Market Street, Suite 1100
Philadelphia, PA 19103                    Philadelphia, PA 19102

THE COURT

Chambers of Judge Stewart Dalzell
United States District Court
James A. Byrne United State Courthouse
601 Market Street
Philadelphia, PA 19106

14.     Any Settlement Class Member who fails to file and serve objections or exclusions shall be DEEMED to have waived all objections and shall be FORECLOSED from making any objection, via appeal or otherwise, to the settlement;

15.     The parties shall APPEAR before this Court for a Fairness Hearing on **November 8, 2016 at 9:30 a.m.** to determine whether the Settlement Agreement is fair, reasonable, and adequate, and thus should receive final approval, and the Court will rule on plaintiffs' class counsel's separate Fee and Expense Request after this hearing;

16.     The motion for final approval, any papers in support of the final approval of the Settlement Agreement, the Plan of Allocation, and the Fee and Expense Request shall be FILED no later than **October 24, 2016**;

17.     Any replies to the motion for final approval, the Plan of Allocation, and the Fee and Expense Request shall be FILED no later than **October 31, 2016**;

18.     The dates of performance MAY BE EXTENDED with good cause shown and without further notice to the Settlement Class;

19.     In the event that we do not approve the Settlement Agreement, or if for any reason the parties fail to obtain a Final Order and Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, or the Final Effective Date does not occur for any reason, the parties RESERVE all of their rights, including the right to continue with the litigation and all claims and defenses pending at the time of the settlement, including with regard to any effort to certify the Action as a class action;

20.     Releasing Parties SHALL NOT commence, continue, or prosecute any Released Claim against any of the Released Parties (as those terms are defined in the Settlement Agreement) in any court or tribunal pending the Fairness Hearing and the Final Effective Date;

21.     Upon the Final Effective Date, all Settlement Class Members who had not become Opt-Outs shall be forever ENJOINED AND BARRED from asserting any of the matters, claims, or causes of action released pursuant to the Settlement Agreement against any of the Released Parties, and any such Settlement Class Members shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Settlement Agreement; and

22.     Further proceedings before this Court, excluding those necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are STAYED pending the Fairness Hearing.

BY THE COURT:

/s/ Stewart Dalzell, J.