# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANELL MOORE, on behalf of herself and all others similarly situated, | ) CIVIL ACTION </br> ) </br> ) NO. 15-1243-SD |
| Plaintiff | ) |
| v. | ) **OBJECTION TO PROPOSED CLASS** </br> ) **ACTION SETTLEMENT** |
| ANGIE'S LIST, INC., | ) |
| Defendant | ) |

## OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

Class member and objector, Ryan Kron, ("hereinafter Objector") opposes the class action settlement because the settlement fund does not adequately compensate class members. For many class members, five dollars in compensation is not enough to make it worth filling out a claim form. In addition, to the extent that the parties know the class members, they should provide automatic monetary relief.

The settlement is unclear at how undistributed funds will be dealt with. Though the settlement contemplates reissuing checks for class members who did not cash them, it does not indicate what will happen to the money if the checks continue to go uncashed. With every class settlement, there will always be some class members who will not cash their check for whatever reason. What will happen to all of that money? Will that money go to the Defendant or to a cy pres recipient? The settlement should clearly identify what will happen to any remaining money. If the money from uncashed checks will end up going to a cy pres recipient, the class needs the

1

opportunity to review and object to the cy pres recipient. In any circumstance, the money should not go to the Defendant, but should go to the class members.

The injunctive relief is of nominal value. It only lasts for 5 years and makes very minimal changes to some disclosures. In addition, it can be changed at any time by the Defendant. The injunctive relief should be much stronger and more protective of the class.

The waiver is exceptionally broad. It contemplates to release "all claims, known or **unknown**, accrued or **unaccrued**, present or **future**, that were brought or could have been brought against Angie's List as of the Final Approval Date, that arise, in whole or in part from, or relate in any way to, the subject matter of, or the conduct, omissions, transactions, or occurrences alleged in, **or that could have been alleged in**, the Complaints filed in Action...". (see Paragraph 43 of the Settlement Agreement). In other words, Angie's List's customers will be unable to file suit against Angie's List, no matter how misleading or terrible its actions related to service-provider ratings or advertising are. This release effectively insulates the defendant from a lawsuit for future claims. The waiver should be limited to only present and known claims.

The attorney fees are outrageously high. The class will only receive $1,400,000 and the attorneys will receive $937,500.00. The proportion of attorney's fees to class payment should be closer to 25% -30%. This shocking proportion of attorney's fees compared to class compensation is an indication of collusion, especially when considering how the settlement agreement calls for any reduction of attorney's fees to go back to Defendant instead of the class and that the agreement that the Defendant will not object to the request for attorney's fees.

For the foregoing reasons, the Court should deny final approval of the settlement.

Date: 10-24-16

Attestation of Objector

_____

Ryan Kron

/s/ Mardi Harrison

_____

Mardi Harrison, Esq.

Licensed in PA

The Law Office of Mardi Harrison

125 Edison Furlong Road

Doylestown, PA 18901

www.suetheboss.com

267-252-1035

267-880-3823 (fax)

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on October 24, 2016, and served by the same means on all counsel of record.

/s/ Mardi Harrison

Mardi Harrison, Esq.