IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANELL MOORE, et al. | : | CIVIL ACTION |
| on behalf of themselves and all others | : | |
| similarly situated | : | |
| | : | |
| v. | : | |
| | : | |
| ANGIE'S LIST, INC. | : | NO. 15-1243 |

## ORDER OF FINAL APPROVAL OF THE SETTLEMENT AGREEMENT AND CERTIFICATION OF THE SETTLEMENT CLASS

AND NOW, this 12th day of December, 2016, with the Court having considered the Settlement Agreement dated June 24, 2016 (the "Settlement Agreement") and the Court's July 12, 2016 Order Granting Preliminary Approval of the Class Settlement (Doc. No 43), having held a Fairness Hearing on December 5, 2016, and having considered all of the submissions and arguments with respect to the settlement, including, but not limited to, the fairness and reasonableness of the Settlement Agreement and the merit of the objections to said Agreement, and otherwise being fully informed;

IT IS HEREBY ORDERED THAT:

1. This Final Order incorporates herein and makes a part hereof, the Settlement Agreement and its exhibits and the Preliminary Approval Order and its exhibits. Unless otherwise provided herein, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Order and the accompanying Final Judgment.

2. The Court has jurisdiction over this above-captioned case, and all Parties in the above-captioned Action, including but not limited to, all Settlement Class Members, for all matters relating to this Action and the settlement, including, without limitation, the

administration, interpretation, effectuation and/or enforcement of the settlement, the Settlement Agreement, this Final Order, or the Final Judgment.

## I. THE SETTLEMENT CLASS

3. In the Preliminary Approval Order, the Court certified the following Settlement Class:

> All persons in the United States who were paying members of Angie's List, Inc. at any time between March 11, 2009, and July 12, 2016.

Excluded from the Settlement Class are (i) Angie's List, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Angie's List has a controlling interest, and (ii) judges, justices, magistrates, or judicial officers presiding over the Action.

4. Certification of the Settlement Class is hereby reaffirmed as a final Settlement Class pursuant to Fed. R. Civ. P. 23.

5. The Court has previously appointed the above-identified Plaintiffs Janell Moore, Gary Glick, and Michelle Zygelman as representatives of the Settlement Class and hereby reaffirms that appointment.

6. The Court has also previously appointed the following Counsel for the Settlement Class ("Plaintiffs' Class Counsel"), and recognizes that they have continued to adequately and fairly represent the Settlement Class:

| | |
|---|---|
| Richard M. Golomb, Esq. | Kirk J. Wolden, Esq. |
| Ruben Honik, Esq. | Carter Wolden Curtis, LLP |
| Kenneth J. Grunfeld, Esq. | 1111 Exposition Blvd. |
| David J. Stanoch, Esq. | Sacramento, CA 95815 |
| Golomb & Honik, P.C. | |
| 1515 Market Street, Suite 1100 | |
| Philadelphia PA 19102 | |

W. Daniel Miles, III
Beasley, Allen, Crow, Methvin
Portis & Miles, P.C.
Beasley Allen Law Firm
218 Commerce St.
Montgomery, AL 36104

## II. CLASS NOTICE

7. The record shows, and the Court finds, that the Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Action and the terms of the Settlement Agreement, their rights to exclude themselves from the settlement or to object to any part of the settlement, their rights to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the orders, the Final Order, and the Final Judgment, whether favorable or unfavorable, on all persons who do not exclude themselves from the Settlement Class, (iii) due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

8. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Fairness Hearing, it is hereby determined that all Settlement Class Members except those Opt-Outs identified on Appendix A are bound by this Final Order and the Final Judgment.

9. The Court further finds that Angie's List provided notice of the settlement to any and all such appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given any and all such appropriate state and federal government officials the requisite ninety (90) day time period to comment or object to the settlement before entering its Final Order and Final Judgment.

## III. FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

10. The Court finds that the Settlement Agreement was not the result of collusion between Plaintiffs' Class Counsel, Plaintiffs, Angie's List, or Defense Counsel, but instead resulted from extensive arm's length good faith negotiations between Plaintiffs and Angie's List, through experienced counsel, and with the assistance and oversight of James T. Giles, Esq.

11. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the settlement as set forth in the Settlement Agreement and finds that the settlement, the Settlement Agreement, the benefits to the Settlement Class Members, and all other parts of the settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and Angie's List's defenses, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Class Action Fairness Act. Accordingly, the settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

12. The Court finds that the settlement is fair, reasonable, and adequate in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), based on the following factors, among other things:

a. This case was complex, expensive, and time consuming and would have continued to be so through summary judgment and/or trial if the case had not settled;

b. Because the case settled after significant discovery, Plaintiffs' Class Counsel had a well-informed appreciation of the strengths and weaknesses of their case while negotiating the settlement;

c. Plaintiffs' Class Counsel and the Settlement Class would have faced numerous and substantial risks in establishing liability and/or damages if they decided to continue to litigation rather than settle;

d. The settlement amount is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to verdicts as to both liability and damages;

e. The settlement also satisfies the additional factors set forth in *In re: Prudential Ins. Co. Am. Sales Practices Litig.*, 148 F.3d 283 (3d Cir. 1998).

Accordingly, the settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

13. The Court held a Fairness Hearing, and has considered all objections or comments, timely and proper or otherwise, to the settlement. The objections have no merit, as the relief granted to the class and the process for collecting on claims are reasonable and the awarded attorneys' fees and costs do not diminish the class recovery. The Court therefore denies and overrules them.

## IV. DISMISSAL OF CLAIMS, RELEASE, AND INJUNCTION

14. This Action is hereby dismissed with prejudice on the merits and without costs to any party, except as otherwise provided herein or in the Settlement Agreement.

15. The Court approves the Parties' plan to distribute the Class Settlement Fund, with $966,000 allocated in full to eligible Claimants who purchased or renewed a membership with Angie's List between March 11, 2009 and December 31, 2013, on a *pro rata* basis as set forth in the Settlement Agreement; and $434,000 allocated in full to eligible Claimants who purchased or renewed a membership with Angie's List between January 1, 2014 through July 12, 2016, on a *pro rata* basis as set forth in the Settlement Agreement.

16. Upon the Final Effective Date, all Releasing Parties agree to release and dismiss with prejudice all claims against the Released Parties, and to grant each the following release and covenant not to sue, which releases and unconditionally and forever bars the Releasing Parties from bringing, prosecuting, participating in, and/or recovering for any and all claims, known or unknown, accrued or unaccrued, present or future, that were brought or could have been brought against Angie's List as of the Final Approval Date, that arise, in whole or in part from, or relate in any way to, the subject matter of, or the conduct, omissions, transactions, or occurrences alleged in, or that could have been alleged in, the Complaints filed in the Actions, including, without limitation, claims regarding representations, statements, alleged omissions and/or conduct relating in any way to service-provider ratings, reviews, rankings and/or revenue Angie's List derives from service providers, further including but not limited to service-provider advertising (the "Release").

17. The Release shall not pertain to claims relating to conduct occurring or actions taken by any Released Party after the Final Approval Date, except to the extent that such claims are based upon conduct or activity that is required by the terms of this Settlement Agreement.

18. Settlement Class Members have knowingly and voluntarily waived the provisions of Section 1542 of the California Civil Code (to the extent applicable), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and the Settlement Class Members, on behalf of all Releasing Parties, expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights or benefits pertaining to the Released Claims.  In connection with such waiver and relinquishment, the Settlement Class Members hereby acknowledge that the Releasing Parties are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties.  In furtherance of such intention, the release herein given by the Releasing Parties to the Released Parties shall be and remain in effect as a full and

complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the parties expressly acknowledges that it has been advised by its attorney of the contents and effect of Section 1542, and with knowledge, each of the parties hereby expressly waives whatever benefits it may have had pursuant to such section. Plaintiffs acknowledge, and the Releasing Parties shall be deemed by operation of the Final Order and the Final Judgment to have acknowledged, that the foregoing waiver was expressly bargained for and a material element of the settlement of which this release is a part.

19. The Court orders that, upon the Final Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of the Releasing Parties. The Court thus hereby permanently bars and enjoins Plaintiffs, all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with such Plaintiffs or Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims against any Released Party; (b) bringing a class action on behalf of Plaintiffs or Settlement Class Members or any Releasing Party, seeking to certify a class that includes Plaintiffs, Settlement Class Members, or any Releasing Party, or continuing to prosecute or participate in any previously filed and/or certified class action, and/or in any lawsuit based upon or asserting any of the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement Agreement and the Action.

20. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations, or proceedings connected with it, nor any of the documents or statements referred to therein, nor any of the documents or statements generated or received pursuant to the claims administration process, shall be:

    a. offered by any person or received against Angie's List or any Released Party as evidence or construed or deemed as evidence of any presumption, concession, or admission by Angie's List or any Released Party of the truth of the facts alleged by the Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in this Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Angie's List or any Released Party;

    b. offered by any person or received against Angie's List or any Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Angie's List or any Released Party or any other wrongdoing by Angie's List or any Released Party; or

    c. offered by any person or received against Angie's List or any Released Party as evidence of a presumption, concession, or admission with respect to any default, liability, negligence, fault, or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered, received in evidence, or referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained herein shall prevent the Settlement Agreement

(or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the settlement (or any agreement or order relating thereto), the Final Order, or the Final Judgment, or in which the reasonableness, fairness, or good faith of the Parties in participating in the settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the settlement, the Final Order, the Final Judgment, or the Release as to Angie's List, the Released Parties, Plaintiffs, or the Settlement Class Members.

## V. OTHER PROVISIONS

21. The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Order or the Final Judgment, this Court expressly retains exclusive and continuing jurisdiction over the settlement and the Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement, the Final Order, or the Final Judgment, including, without limitation, for the purpose of:

    a. enforcing the terms and conditions of the settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, the Final Order, or the Final Judgment (including, whether a person or entity is or is not a Settlement Class Member);

    b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the settlement; and

c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Final Order, or the Final Judgment.

22. Without affecting the finality of this Final Order or the Final Judgment, Angie's List and each Settlement Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein.

23. The Parties are hereby directed to implement and consummate the settlement according to the terms and provisions of the Settlement Agreement.

24. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

25. In the event that the Final Effective Date does not occur, certification of the Settlement Class shall be automatically vacated and the Final Order and Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

Accordingly, Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. No. 47) is GRANTED.

BY THE COURT:


/s/ Legrome D. Davis
Legrome D. Davis, J.